Ernest Scott Kinney, SBN #207234
*tyraforpar@earthlink.net*
2100 Tulare Street #200
Fresno, CA 93721
(559) 519-0423
FAX 441-0890

Attorney for Plaintiff, Sornpaserd Unkeowannulack

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sornpaserd Unkeowannulack | Case No. |
| Plaintiff, | |
| Vs. | **COMPLAINT FOR DAMAGES: DENIAL OF CONSTITUTIONAL DUE PROCESS** |
| Table Mountain Casino, Table Mountain Rancheria Tribal Gaming Commission. | **JURY TRIAL REQUESTED** |
| Defendants. | |

## NATURE OF THE ACTION

1. This is a complaint seeking monetary relief on behalf of the Plaintiff Sornpaserd Unkeowannulack. This action is brought under **42 U.S.C. sec. 1983**. The actions of the defendants under which the Plaintiff was denied his jackpot winnings deprived him of his **Constitutional right to Due Process secured by the United States Constitution under the Fourteenth Amendment**.

2. The issue of depriving a civil litigant of his **Due Process right under the Constitution of the United States of America** is an issue of great significance and public concern, which affects the rights of every civil litigant in the State of California. Granting Review by this Court is necessary to

secure State wide harmony regarding this extremely important issue of law. **The Due Process clause of the Constitution**, as defined by the United States Supreme Court guarantees the right to a fair hearing should apply to all civil litigants.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to **28 U.S.C. sec. 1331** (for civil actions arising under the laws of the United Sates), jurisdiction under **28 U.S.C. sec. 1343(a) (3) & (4)** (for action under laws providing for the protection of civil rights), and **42 U.S.C. sec. 1983.**

4. The jurisdictional provision of the **Indian Gaming Regulatory Act, 25 U.S.C.S. sec. 2701** et seq., specifically provides for appeal of final National Indian Gaming Commission decisions to the appropriate federal district court.

5. Jurisdiction is granted by means of the "well-pleaded complaint rule"; since the Plaintiff's complaint is premised upon the fact that **Constitutional Law has been violated** by the acts of the Table Mountain Casino, and the Table Mountain Rancheria Tribal Gaming Commission.

6. The fundamental law brought before the Court for resolution by the Plaintiff in this Complaint, is the assertion of the "Right", possessed by the Plaintiff, as mandated by the Constitution of the United States of America at the **Fifth Amendment**, to be accorded a **Constitutional Due Process of law Hearing before any of his "endowed unalienable rights"** are in anyway compromised or jeopardized by the acts, actions, and/or activities of the Table Mountain Casino and the Table Mountain Rancheria Tribal Gaming Commission.

7. Venue is appropriate in this court pursuant to 28 U.S.C. Sec.1391.

## PARTIES

8.  Plaintiff Sornpaserd Unkeowannulack was denied his Jackpot winnings without first according and accommodating the Plaintiff with the requirements and mandates of **Constitutional Due Process of Law as denoted in the Constitution of the United States.**

9.  Upon information and belief, **John D. Mayewski was the President and CEO of Table Mountain Casino** at the time Plaintiff was told that his Jackpot would <u>not</u> be paid. Upon information and belief, Defendant John D. Mayewski in concert with the other defendant, violated the constitutional rights of the Plaintiff Sornpaserd Unkeowannulack in the denial of his jackpot winnings without first according and accommodating the Plaintiff with the requirements and mandates of the **Constitutional Due Process of Law as denoted in the Constitution of the United States.**

10. Upon information and belief, **Table Mountain Rancheria Tribal Gaming Commission was the Gaming Commission** at the time Plaintiff was denied his jackpot winnings. Upon information and belief, Defendant Table Mountain Rancheria Tribal Gaming Commission in concert with the other defendant, violated the constitutional rights of the Plaintiff Sornpaserd Unkeowannulack in the denial of his jackpot winnings without first according and accommodating the Plaintiff with the requirements and mandates of the **Constitutional Due Process of Law as denoted in the Constitution of the United States.**

## FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

11. On September 15, 2006, Plaintiff Sornpaserd Unkeowannulack went to the Table Mountain Casino and played the Mystery Jackpot progressive link system and the "Deep Pockets" nickel slot

machine. Mr. Unkeowannulack inserted $6.25 into the slot machine and pulled the slot machine lever. Mr. Unkeowannulack then saw the "Deep Pockets" slot machine say **"Bonus Jackpot" with lights flashing, and a counting scale that showed the progressive jackpot start at "0" and count to $737,203.60.** Table Mountain Casino employees arrived at the scene and informed Mr. Unkeowannulack that the machine had malfunctioned. (A progressive slot machine is a machine that is linked by computer to similar slot machines in other casinos. Each linked slot machine contributes money from that machine to a single jackpot, which is called a **progressive jackpot**. The progressive jackpot is much larger than any jackpot a single slot machine could pay. (Griggs & Livaudais v Harrah's Casino, 2006, 929 So. 2d 204)

12.   On September 15, 2006, Mr. Unkeowannulack was told by a Table Mountain Casino employee that the slot machine malfunctioned and there would be no jackpot awarded.

13.   On September 15, 2006, Mr. Unkeowannulack was not given instructions by the Casino on what his rights or options were concerning the disputed jackpot.

14.   On September 15, 2006, Mr. Unkeowannulack called an Attorney from Fresno, Ernest Scott Kinney, who came to the Casino to verify his jackpot and to try to resolve the dispute.

15.   On September 15, 2006, Before the Table Mountain Rancheria Tribal Gaming Commission had arrived, Table Mountain Casino employees began to disassemble the slot machines that were connected to the one that Mr. Unkeowannulack was playing. These connected slot machines were linked to the Mystery Jackpot Progressive link system, as was the slot machine that Mr. Unkeowannulack won the jackpot on.

16.   On September 15, 2006, Attorney, Ernest Scott Kinney, was **never given any information** about the Table Mountain Rancheria Tribal Gaming Commission by the Table Mountain Casino Management.

17.     On September 15, 2006, Table Mountain Casino **did not preserve the slot machine** that Mr. Unkeowannulack was playing for the Commission Agent to review.

18.     On September 15, 2006, Table Mountain Casino **did not post a security guard** to protect the integrity of the machine until the Commission Agent arrived.

19.     On September 15, 2006, **Table Mountain Casino acted in bad faith** by telling Attorney, Ernest Scott Kinney, that they would tell the I.R.S. to investigate Mr. Unkeowannulack regarding "the amount of money that he spends at the casino", if Mr. Unkeowannulack went to the television media.

20.     On September 15, 2006, approximately two hours after the jackpot, and approximately one hour after attorney, Ernest Scott Kinney, left the casino, a Table Mountain Casino employee, for some reason, tried to give Mr. Unkeowannulack a different "platinum player" card, but Mr. Unkeowannulack told the employee **that his** "platinum player" card was in his pocket.

21.     On September 16, 2006, Table **Mountain Casino President and CEO, John Mayewski**, offered Mr. Unkeowannulack $10,000, which was rejected by Mr. Unkeowannulack.

22.     On September 18, 2006, Mr. Unkeowannulack was sent a letter from **Progressive Gaming International Corporation (PGIC),** the manufacturer and programmer of the Mystery Jackpot progressive link system for the slot machine that Mr. Unkeowannulack hit the jackpot on. The letter from PGIC dated September 18, 2006, said that it was "Re: Game Malfunction of September 15, 2006." Although PGIC was called in to investigate the Jackpot to determine if there was a malfunction, the "Re:" line said that the letter was regarding a "Game Malfunction", which had not been determined yet. The inference from the letter of a "slot machine malfunction" before a full forensic analysis was complete is that PGIC would deem the jackpot a malfunction before the full forensic analysis was to be completed. The letter also said that a full forensic analysis would be

conducted on the slot machine in question and the results of the forensic analysis would be forwarded to Mr. Unkeowannulack and his attorney. As of today, neither Mr. Unkeowannulack nor his attorney has seen any forensic analysis.

23. On September 19, 2006, Mr. Unkeowannulack received a letter from **International Game Technology (IGT)** documenting the review findings of the service technician Arne Smith. IGT concluded that the "**host bonusing history menu clearly indicates that a host bonus award in the amount of $737,203.60 entered escrow at 14:15:22**." IGT service technician Arne Smith also found "**no evidence of a game <u>tilt</u> at the time of the Mystery bonus award**." ("Tilt condition" is a programmed error state for a gaming device. A Tilt condition has occurred when the device detects an internal error, malfunction, or attempted cheating, and it disallows further play until the error is resolved. - Nev. Gaming Commission sec. 14.340)

24. On September 22, 2006, Mr. Unkeowannlack through his attorney, Ernest Scott Kinney, made a counteroffer to Table Mountain Casino of $361,601.00, which was rejected by Table Mountain Casino.

25. On September 30, 2006, Mr. Unkeowannulack through his attorney, Ernest Scott Kinney, requested a "petition for investigation" by the Table Mountain Rancheria Tribal Gaming Commission into the jackpot win.

26. On January 16, 2007, the Table Mountain Rancheria Tribal Gaming Commission concluded, after an alleged investigation, that the slot machine malfunctioned.

27. On January 18, 2007, even though Mr. Unkeowannulack's attorney believed that Plaintiff would be entitled to a "Hearing" and "Review" of the commission's findings, Mr. Unkeowannulack's attorney, Ernest Scott Kinney, was told by Table Mountain Casino counsel, Dan

Casas that Mr. Unkeowannulack **would not be able to "Appeal" or have a "Review" of the commission's decision**.

## I.    FIRST CAUSE OF ACTION

**Violation of the 5th and 14th amendment to the United States Constitution**

28.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 herein.

29.    Plaintiff asserts a claim under **42 U.S.C. sec.1983**, which states in part that every person who, under the color of law, subjects or causes to be subjected any person within the jurisdiction of the United States the deprivation of any rights secured under the Constitution and laws shall be liable to the party injured at law or by a suit in equity.  The statute imposes liability for conduct which subjects Plaintiff to a **deprivation of a right guaranteed by the United States Constitution and laws**.

30.    Defendants, acting under color of law, violated rights secured to the plaintiff by the **First, Fifth, and Fourteenth Amendments of the United States Constitution, including the right to due process of law.**

31.    Pursuant to the **First Amendment of the United States Constitution** citizens have the right to petition the courts for a redress of their grievances.  Pursuant to the **Fourteenth Amendment of the Constitution**, no state shall deprive any person of life, liberty, or property without **due process of law.**

32.    Plaintiff's **constitutional due process** rights were violated when the Defendants failed to render immediate and meaningful notice to the Table Rancheria Tribal Gaming Commission about

the Jackpot winnings by plaintiff.

33.  Plaintiff's **constitutional due process** rights were violated when the Defendants failed to immediately notify the Slot Machine manufacturer regarding the Jackpot winnings by plaintiff, as required by the Gaming Operations Manual.

34.  Plaintiff's **constitutional due process rights** were violated when the Casino employees tested the Slot Machine themselves after the Jackpot, and **altered the evidence** without any direction or guidance from the Commission.

35.  Plaintiff's **constitutional due process rights** were violated when the Defendants did not preserve the slot machine before the Commission agent arrived.  Evidence that would have been helpful to the Jackpot incident and would have assisted the agents in their investigation was not preserved due to the Casino's actions.  In addition, such evidence was not available upon "Review" because Table Mountain Casino ridded itself of any evidence that threatened its own interest.

36.  Plaintiff's **constitutional due process rights** were violated by the Defendants because "notice" to the Gaming Commission <u>after the manipulation</u> of the slot machine by the Table Mountain employees afforded the plaintiff **no substantive due process protection**.  The Casino had control and possession of all of the evidence and had the responsibility to preserve the evidence, and as such, any **subsequent investigation was meaningless**.

37.  Plaintiff's **constitutional due process** rights were violated by the Defendants for failing to inform the Plaintiff/Patron of his rights relating to the Jackpot.

38.  Plaintiff's **constitutional due process** rights were violated because of the obstruction by the Defendant, Table Mountain Casino, of a fair and independent investigation by the Table Mountain Rancheria Tribal Gaming Commission.

39.  Plaintiff's **constitutional due process rights** were violated by Defendants because the

Commission Agent failed to take any physical evidence or to view the videotapes of the incident while he was at the Casino the night of the September 15, 2006.

40. Plaintiff's **constitutional due process rights** were violated by Defendants because the Casino employees **opened and manipulated** the slot machines connected to the one that Mr. Unkeowannulack won the Jackpot on. They **spun the Slot Machine reels, and even removed the slot machine Face plates**, before the Commission Agent arrived.

41. Plaintiff's **constitutional due process rights** were violated by Defendants if they intentionally spoiled or destroyed the Casino's slot machine surveillance tapes.

42. Plaintiff's **constitutional due process righ**ts were violated by Defendants because the Casino failed to preserve tangible and unaltered evidence which is **paramount to providing proper notice.** The subsequent investigation could not have been conclusive or complete. Any test on the slot machine after **the evidence was manipulated was tainted** and the Commission should not have afforded the evidence any weight at all.

43. Table Mountain Casino's failure to preserve the evidence and the Commission's investigative technique, in relying on tainted evidence, **contributed to the denial of Mr. Unkeowannulack's right to due process.**

44. Plaintiff's **constitutional due process** rights were violated by Defendants for failing to post a security guard at the slot machine, and failing to take a Polaroid picture of the reel display.

45. Plaintiff's **constitutional due process rights** were violated by defendants because the "petition for investigation" and the "petition for review" by the defendants is clearly a built in "conflict of interest" as the review is conducted by the defendants themselves. A fair hearing would be conducted by an Impartial Arbiter who has no interest whatsoever in the outcome **other than "truth and justice being served", which is required under the Due Process clause in the 5th and 14th**

**Amendments of the United States Constitution.**

46. Plaintiff's **constitutional due process rights** were violated by defendants because there has not been a fair hearing conducted in a meaningful manner as required by the Constitutional Due Process Clause. In a fair hearing it is made certain to the parties that certain issues of law will be addressed by an Impartial Arbiter who is competent to address such issues of law, **such as a Judge**.

47. Plaintiff's **constitutional due process rights** were violated by defendants because the plaintiff's "endowed unalienable rights" have been placed in Jeopardy without Constitutional Due Process, which is required by the Supreme Law of the Land.

48. Plaintiff's **constitutional due process rights** were violated by defendants because proper "Notice" and "Opportunity to be heard" is required before the Plaintiff's "endowed unalienable rights" can lawfully be deprived. **A proper "Notice of Hearing" requires "full disclosure of facts" and an opportunity to present argument.** (Goss v Lopez, 419 U.S. 565 (1975)

49. Plaintiff's **constitutional due process rights** were violated by defendants because a **fair hearing contemplates full disclosure**, without which, is without Due Process. (Garvey v Freeman, 397 F. 2d 600 (10th Cir.1968)

50. If any one of the Plaintiff's "endowed unalienable rights" is compromised, abridged, encroached, circumvented, limited, denied, restrained, constrained, interfered, usurped, and or actually destroyed, illegally, unlawfully, illegitimately **all of the Plaintiff's** "endowed unalienable rights" possessed by the Plaintiff would be destroyed.

51. If any one of the Plaintiff's "endowed unalienable rights" are compromised, abridged, encroached, circumvented, limited, denied, restrained, constrained, interfered, usurped, and or actually destroyed by the Defendants without benefit of law, the basic reasons why the men and women who participated in "The American Revolutionary War" fought, struggled, and died would

be betrayed and made to be treasonous in nature.

52. If any one of the Plaintiff's "endowed unalienable rights" are compromised, abridged, encroached, circumvented, limited, denied, restrained, constrained, interfered, usurped, and or actually destroyed by the Defendants without benefit of law, would act **to place every Citizens' "endowed unalienable rights"** in a similar position.

53. The Law must be obeyed or the Society formed under the ideas, ideals, principles, and standards enumerated and enunciated within The Declaration of Independence and The Constitution of the United States of America will no longer be valid and will no longer exist.

54. Plaintiff's **constitutional due process rights** were violated because of the Defendant's failure to follow proper procedure and for failing to involve the Commission until tangible evidence was manipulated.

55. Plaintiff's **constitutional due process rights were** violated by Defendants because of the faulty investigation by the Commission. The Commission relied on tainted evidence which contributed to the denial of Plaintiff's right to Due Process.

56. Plaintiff's **constitutional due process rights** were violated by Defendants because the plaintiff was never asked by the Commission agent to put his complaint in writing.

57. Plaintiff's **constitutional due process rights** were violated by Defendants because the Commission agent did not review the surveillance tapes nor interview the plaintiff and the Casino management.

58. Plaintiff's **constitutional due process rights** were violated by Defendants because the Commission agent did not interview other witnesses nor did he obtain computer print outs of the slot machine's activity.

59. Plaintiff's **constitutional due process rights** were violated by Defendants if they destroyed the

relevant Casino surveillance video tapes which would make it impossible for the investigating Commission agent to see the recorded sequence of events.

60. Plaintiff's **constitutional due process rights** were violated by Defendants because the Commission agent did not document any interviews conducted with the Casino employees or witnesses.

61. Plaintiff's **constitutional due process rights** were violated by Defendants because the commission agent did not conduct an investigation on the slot machine as it existed immediately after the jackpot.

62. Plaintiff's **constitutional due process rights** were violated by Defendants because they **did not conduct the "Game Test" on the slot machine as it existed immediately after the Jackpot**. (The "Game Test" consist of: 1-Check of last five games, 2-Check to see if slot machine if properly aligned, 3-Check to see if slot machine is paying proper amounts, 4-Check to see if the slot machine is accepting coins properly, 5-Check the slot machine computer board for tampering, 6-Check surveillance tapes, 7-Review MEAL LOG (Machine entry and Access log), 8-Preserve the Custom Buffer report (Cus' buf)).

## RELIEF REQUESTED

**WHEREFORE,** the Plaintiff respectfully requests that the Court grant the following relief:

1. Monetary damages in an amount of $737, 203.60.

2. Attorney fees pursuant to 42 U.S.C. sec. 1988 and all costs associated with bringing this action.

3. Any other relief that the Court deems just and equitable.

4. That the Court enter judgment in favor of **Sornpaserd Unkeowannulack** and against Table Mountain Casino and Table Mountain Rancheria Tribal Gaming Commission for its money damages commensurate with the proof at trial, reasonable attorneys fees, punitive damages and court costs.

Dated:   September 13, 2007          ____/s/ Ernest Scott Kinney
                                     Ernest Scott Kinney
                                     Attorney for Plaintiff,
                                     Sornpaserd Unkeowannulack

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

Dated:   September 13, 2007          ____/s/ Ernest Scott Kinney
                                     Ernest Scott Kinney
                                     Attorney for Plaintiff,
                                     Sornpaserd Unkeowannulack